UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MOUNT VERNON FIRE INSURANCE COMPANY,                     Docket No.:

                  Plaintiff,

                           **COMPLAINT**

     -against-

MUNOZ TRUCKING CORP., ANDERSON EXPRESS,
INC., SEGUNDO ESCHEVERRIA, TULLY
CONSTRUCTION CO., INC., POSILLICO CIVIL INC.,
TULLY CONSTRUCTION CO., INC./POSILLICO
CIVIL INC., a Joint Venture, JOSEPH MADOO,
ANDREA MADOO, STATE NATIONAL INSURANCE
COMPANY, KNIGHTBROOK INSURANCE
COMPANY,

                  Defendants.

------------------------------------------------------------------------x

      Plaintiff  MOUNT VERNON FIRE INSURANCE COMPANY ("MOUNT VERNON"),

by and through its attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS

LLP, complaining of defendants, alleges upon information and belief, as follows:

## THE PARTIES

    1.     At all times hereinafter mentioned, plaintiff MOUNT VERNON was, and still is, a

corporation duly organized and existing under and by virtue of the laws of the Commonwealth of

Pennsylvania with its principal place of business located at 1190 Devon Park Drive, Wayne,

Pennsylvania 19087.

    2.     Upon information and belief, at all times hereinafter mentioned, defendant

MUNOZ TRUCKING CORP. ("MUNOZ") was a New Jersey Corporation which had its

principal place of business at 138 Overlook Avenue, Belleville, NJ 07109 in the County of Essex

which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County, and State of New York.

3.     Upon information and belief, at all times hereinafter mentioned, defendant ANDERSON EXPRESS, INC. ("ANDERSON EXPRESS") was a New Jersey Corporation with its principal place of business at 490 Union Avenue, Belleville, New Jersey 07109 in the County of Essex which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County, and State of New York.

4.     Upon information and belief, at all times hereinafter mentioned, defendant SEGUNDO ESCHEVERRIA was, and still is a resident of the State of New Jersey.

5.     Upon information and belief, at all times hereinafter mentioned defendant TULLY CONSTRUCTION CO., INC. ("TULLY CONSTRUCTION") was and still is a New York corporation which had its principal place of business at 127-50 Northern Boulevard, Flushing, New York 11368 which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County, and State of New York.

6.     That at all times hereinafter mentioned, upon information and belief, defendant POSILLICO CIVIL INC. was and still is a New Jersey Corporation with its principal place of business at 150 Meadowlands Parkway, 3rd Floor, Secaucus, New Jersey 07094 in the County of Hudson, which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County and State of New York.

7.     Upon information and belief, at all times hereinafter mentioned defendant TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC., a Joint Venture ("JV") is a joint venture between the two entities with TULLY CONTSTRUCTION being a New York corporation and having its principle place of business at 127-50 Northern Boulevard, Flushing,

New York 11368 and POSSILICO CIVIL INC. being a New Jersey Corporation with its principle place of business at 150 Meadowlands Parkway, 3rd Floor, Secaucus, New Jersey 07094 the JV was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County and State of New York.

8.      That at all times hereinafter mentioned, upon information and belief, defendant JOSEPH MADOO was, and still is a resident of the County of Kings and State of New York.

9.      Upon information and belief, at all times hereinafter mentioned defendant ANDREA MADOO was, and still is a resident of the County of Kings and State of New York.

10.     That at all times hereinafter mentioned, upon information and belief, defendant STATE NATIONAL INSURANCE COMPANY ("STATE NATIONAL") was and still is a Texas Corporation with its principal place of business at 1900 L Don Dodson, Bedford, Texas 76021, which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County and State of New York.

11.     That at all times hereinafter mentioned, upon information and belief, defendant KNIGHTBROOK INSURANCE COMPANY ("KNIGHTBROOK"), was and still is a Delaware Corporation with its principal place of business at 1807 North Market Street, Wilmington, Delaware 19802 which was and still is authorized to do business within the State of New York and in fact was conducting business within the City, County and State of New York.

## JURISDICTION/VENUE

12.     This Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332, in that serious bodily injuries, emotional and physical pain and suffering, pre-death fright and terror, fear of imminent death, pre-impact and post-impact pain and suffering,

death, interest, and loss of society and companionship, among other damages, are asserted in the underlying action filed in the Supreme Court of the State of New York, County of Kings, captioned as Joseph Madoo and Andrea Madoo v. Anderson Express Inc., Munoz Trucking Corp. Segundo Escheverria, Tully Construction Co. Inc., Posillico Civil Inc. and Tully Construction Co./Posillico Civil Inc. a joint venture, under index number 6626/2011 (the "Underlying Action"), and this coverage action arises from that Underlying Action. (A copy of the Complaint in the "Underlying Action" is attached hereto as Exhibit "A.")

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the claim arose in this district.

14.    A controversy exists between the parties as to the coverage afforded under a policy of insurance issued by MOUNT VERNON to defendant MUNOZ, as well as the provisions of said policy, as to the claims asserted in the Underlying Action.

15.    Circumstances exist that justify the determination by this Court, pursuant to 28 U.S.C. § 2201, of the rights and obligations of the parties as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

16.    Plaintiff MOUNT VERNON has no adequate remedy at law.

### THE UNDERLYING CLAIM AND LAWSUIT

17.    In the Underlying Action, JOSEPH MADOO and ANDREA MADOO (collectively referred to as the "MADOOS") allege claims purported to arise from work performed under a contract between TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC. JV and the City of New York/Department of Environmental Protection, contract No. CS0-6, relating to the restoration of wetlands and natural grasslands adjacent to Paerdegat Basin

Combined Sewer Overflow Facility located at 1887 Ralph Avenue, Brooklyn, New York (the "Project").

18.     In the Underlying Action, the MADOOS allege that the joint venture entered into a contract with MUNOZ, whereby MUNOZ agreed to remove soil from the Project and dispose of the soil in the ILR Middlesex Logistics Facility in Edison, New Jersey.

19.     In the Underlying Action, MUNOZ is claimed to have agreed to provide trades and personnel for the soil removal work.

20.     It is alleged in the Underlying Action that ANDERSON EXPRESS contracted with MUNOZ to provide trucks and drivers to MUNOZ in order to perform the work at the Project.

21.     SEGUNDO ESCHEVERRIA, as part of his employment with MUNOZ and ANDERSON, was alleged to have operated trucks owned, managed, controlled, inspected, and maintained by MUNOZ and ANDERSON EXPRESS on January 13, 2011.

22.     It is alleged in the Underlying Complaint that, on January 13, 2011, MUNOZ ordered, directed, contracted or otherwise arranged for ANDERSON EXPRESS to provide personnel and equipment for use by MUNOZ in performing soil removal services at the Project.

23.     It also is alleged in the Underlying Complaint that on January 13, 2011, SEGUNDO ESCHEVERRIA was driving a truck bearing license plate number AM175A in Brooklyn, New York in the course of removing soil from the Project when it struck pedestrian JOSEPH MADOO.

24.     The claims asserted against MUNOZ in the Underlying Action arise from the operation of the truck operated by SEGUNDO ESCHEVERRIA.

## THE POLICY OF INSURANCE ISSUED BY MOUNT VERNON

25.     MOUNT VERNON issued a Commercial Liability Policy numbered CL2359277B to MUNOZ in effect from November 11, 2010 to November 11, 2011 and providing such coverage as is limited by its terms and provisions (the "Policy").

26.     The Insuring Agreement of the Policy provides:

Coverage A Bodily Injury and Property Damage Liability

Insuring Agreement

a.  We will pay those sums that Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence' and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
>
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.

27.   The exclusions sections of the Policy also read:

2.    Exclusions

\*\*\*

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)  That the insured would have in the absence of the contract or agreement; or

(2)  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*\*\*

g. Aircraft, Auto or Watercraft

"bodily injury: or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.
Use includes operation and "loading or unloading."

7

This exclusion applies even if the claims against the insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence: which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or   rented or loaned to any insured.

28.     The Policy also contains an endorsement CG 21 39 10 93 which modifies the policy in part, as follows:

This endorsement modifies insurance provided under the following"

COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract:" in the DEFINITIONS Section I replaced by the following:

"Insured contract" means:
a.   A contract for lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract."
b.   A sidetrack agreement.
c.   An easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
d.   An obligation as required by ordinance to indemnify a municipality, except in connection with work for a municipality;
e.   An elevator maintenance agreement.

29.     The "Who is an Insured" section of the Policy also provides:

SECTION II-WHO IS AN INSURED
1.If you are designated in the Declarations as:

***

d. An Organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers: and directors are insureds, but only with respect to their

duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive offices" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company) but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer" workers are insureds for

(1) "Bodily injury:" or "personal and advertising injury":

(a) To you, to your partners or members (if you are an organization other than a partnership, joint venture, or limited liability company) or to your or members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your "volunteer workers" while performing duties related to the conduct of your business;

(b) to the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

(c) for which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

30.    The Policy also contains a Blanket Additional Insured Endorsement, which reads:

SECTION II-Who is an Insured is amended to include as an additional insured any person(s) or organization(s) for whom you are performing "your work" under a written contract or agreement that requires such person(s) or organization(s) to be added as an additional insured on your policy. Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and

advertising injury" occurring after the effective date of such contract or agreement that is caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

In the performance of "your work" for the additional insured.

Coverage for an additional insured under this endorsement ends when "your work" for that additional insured ends or is put to its intended use by any person or organization.

31.    Furthermore, an endorsement LLQ 100 (7/06) modifies the Commercial General

Liability Coverage form and states:

Throughout this policy, with the exception of SECTION II-WHO IS AN INSURED; when the word "insured(s)" is used it shall mean "any insured(s)".

All other terms and conditions of this policy remain unchanged. This endorsement   is a part of your policy and takes effect on the effective date of your policy unless  another effective date is shown.

32.    The definitions section of the Policy adds:

SECTION V-DEFINITIONS

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

5. "Employee" includes a "leased worker." "Employee does not include a "temporary worker."

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

33.     The Policy also contains the following endorsement, L 610 (11/04)

EXPANDED DEFINITION OF BODILY INJURY

The definition of "bodily injury" is removed in its entirety and replaced with the following:

"bodily injury" means
a.   bodily injury.
b.   Sickness
c.   Disease; or
d.   Mental anguish or emotional distress arising out of a., b., or c. above, sustained by a person, including death resulting from any of these at any time.

34.     The Policy also contains the following endorsement, L687 (5/06)

"AUTO" and "MOBILE EQUIPMENT" redefined

It is agreed SECTION V-DEFINITIONS; paragraph 2, is deleted in its entirety       and replaced with the following:

Auto means:
a. A land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment; or
b.  Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

35.     MUNOZ provided notice of the occurrence to MOUNT VERNON on June 27, 2013, stating that a truck owned and operated by MUNOZ's subcontractor ANDERSON EXPRESS hit a pedestrian, JOSEPH MADOO.

36.     MOUNT VERNON subsequently conducted an investigation into the matter including obtaining documents and endeavored to speak to MUNOZ's principal to determine what entity owned the truck; what entity employed the driver; whether there were any contracts

11

between MUNOZ and ANDERSON EXPRESS and what the relationship was between MUNOZ and ANDERSON EXPRESS.

37.     MOUNT VERNON'S investigation revealed several grounds for denial of coverage as to the claims asserted in the Underlying Action.

38.     By letter dated July 25, 2013, MOUNT VERNON disclaimed coverage to MUNOZ, ANDERSON, ESCHEVERRIA, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV and MADOO based upon exclusion g (auto exclusion), exclusion b (contractual liability), and late notice.

39.     Although MOUNT VERNON has disclaimed coverage, MOUNT VERNON has afforded a defense to MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV subject to the right to seek a declaration that the Policy does not afford coverage is not afforded to these entities for the claims alleged in the Underlying Action.

40.     MOUNT VERNON now seeks such declaration both as to defense and indemnity as to any and all claims asserted in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION

41.     MOUNT VERNON  repeats and realleges each and every allegation contained in the complaint numbered "1" through "40" as if fully set forth at length herein.

42.     It is alleged in the Underlying Action that ANDERSON EXPRESS provided an employee driver, SEGUNDO ECHEVERRIA, to work for MUNOZ for the Project on the date of the incident.

43.     It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck with the knowledge and consent of MUNOZ.

44. It is alleged in the Underlying Action that the truck driven by SEGUNDO ECHEVERRIA was owned by ANDERSON EXPRESS.

45. It is alleged in the Underlying Action that MUNOZ maintained the dump truck involved in the accident.

46. It is alleged in the Underlying Action that MUNOZ controlled the dump truck involved in the accident.

47. It is alleged in the Underlying Action that MUNOZ managed the dump truck involved in the accident.

48. It is alleged in the Underlying Action that the subject truck was either loaned and/or rented to MUNOZ by ANDERSON EXPRESS.

49. Based upon the allegations in the Underlying Action, SEGUNDO ECHEVERRIA was allegedly an employee of MUNOZ at least for purposes of this job and was operating an 'auto' rented by and loaned to MUNOZ for use in their business operations.

50. Based upon the allegations in the Underlying Action, Exclusion g for Aircraft, Auto or Watercraft, recited in full above, excludes from coverage bodily injury (including death) "arising out of the … use….of any 'auto'….operated by…or rented or loaned to any insured."

51. It is allege in the Underlying Action that SEGUNDO ECHEVERRIA was an employee of MUNOZ for the Project and employees are included in the definition of an insured, and therefore the incident is excluded from coverage as bodily injury arising out of the use of an "auto" operated by any insured.

52. Furthermore, even if SEGUNDO ECHEVERRIA was not an employee of MUNOZ, the same exclusion would apply as the truck to the extent that it was being operated on behalf of MUNOZ, the named insured under the Policy.

53.     To the extent that the truck was being operated by "any insured," the auto exclusion applies, and bars coverage for any bodily injury, including the personal injuries suffered by JOSEPH MADOO, that arises from the use of the "auto."

54.     Regardless of whether the driver was an employee of MUNOZ, the incident allege din the Underlying Action is excluded from coverage under the Policy as bodily injury arising out of the use of an "auto" rented or loaned to "any insured," as MUNOZ rented the truck and ANDERSON EXPRESS loaned the truck to MUNOZ.

55.     The Underlying Action alleges that MUNOZ is responsible for the negligent, careless and reckless acts of SEGUNDO ECHEVERRIA in the course of his operation of the relevant truck.

56.     The auto exclusion under the Policy also applies to those claims as well, and any claims that any insured negligently supervised, hired, employed, trained or monitored others by that insured if the occurrence which caused the bodily injury involved ownership/maintenance/use or entrustment to others of any auto that is owned, operated, or rented or loaned to any insured.

57.     Upon receipt of the claim, MOUNT VERNON issued a timely disclaimer, dated July 25, 2013, but afforded coverage to MUNOZ, TULLY CONSTRUCTION and POSILLICO CIVIL INC., JV subject to a determination to be made by a Court with competent jurisdiction as to issues presented under the Policy.

58.     Based on the allegations asserted in the Underlying Complaint, there is no coverage under MOUNT VERNON's policy for MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for the claims, counter-claims, or cross-claims asserted in the Underlying Action.

59.     MOUNT VERNON, requests a declaration that it has no duty to defend and/or indemnify the defendants, MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for any claims, counter-claims, or cross-claims in the Underlying Action.

### AS AND FOR A SECOND CAUSE OF ACTION

60.     MOUNT VERNON repeats and realleges each and every allegation contained in the complaint numbered "1" through "59" as if fully set forth at length herein.

61.     The contractual liability exclusion, as incorporated within the Policy as exclusion b., applies as to the claims asserted in the Underlying Action in that it provides as follows:

2.     Exclusions

\*\*\*

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)  That the insured would have in the absence of the contract or agreement; or

(2)  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.   Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(c)  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

15

           (d) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

62.    An "insured contract" is defined in the Policy as:

        "Insured contract" means:

        a.  A contract for lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract."

        b.  A sidetrack agreement.

        c.  An easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

        d.  An obligation as required by ordinance to indemnify a municipality, except in connection with work for a municipality;

        e.  An elevator maintenance agreement.

63.    The work which was performed by MUNOZ on behalf of TULLY CONSTRUCTION was based on purchase orders for the Project.

64.    The purchase orders do not qualify as an "insured contract" under the MOUNT VERNON policy.

65.    The Policy excludes from coverage the claims for contractual indemnification asserted by or against TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and MUNOZ in the Underlying Action.

66.    There is no coverage under the Policy for any of the defendants, MUNOZ, TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for the claims, counter-claims, or cross-claims asserted in the Underlying Action.

67.    MOUNT VERNON requests a declaration that it has no duty to defend and/or

indemnify the defendants, MUNOZ, TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for any claims, counter-claims, or cross-claims in the Underlying Action.

## AS AND FOR A THIRD CAUSE OF ACTION

68.    Defendant MOUNT VERNON repeats and realleges each and every allegation contained in the complaint numbered "1" through "67" as if fully set forth at length herein.

69.    The BLANKET ADDITIONAL INSURED ENDORSEMENT incorporated into the Policy provides coverage where required by written contract or agreement but only with respect to liability occurring after the effective date of the contract which is caused in whole or in part by MUNOZ.

70.    In the Underlying Action, it is alleged that ANDERSON EXPRESS owned the dump truck involved in the accident and that SEGUNDO ECHEVERRIA was an employee of ANDERSON EXPRESS.

71.    In the Underlying Action, it is alleged that TULLY CONSTRUCTION operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

72.    In the Underlying Action, it is alleged that POSSILLICO CIVIL INC. operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

73.    In the Underlying Action, it is alleged that JV operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

74.    In the Underlying Action, it is alleged that ANDERSON EXPRESS operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

75.    In the Underlying Action, it is alleged that MUNOZ, ANDERSON EXPRESS, TULLY CONSTRUCTION, POSSILLICO CIVIL INC., and JV were negligent in the

ownership, management, maintenance, supervision and control of the dump truck.

76.     To the extent that the accident at issue was caused in whole or in part by the conduct or omissions of TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV, ANDERSON EXPRESS, and/or SEGUNDO ECHEVERRIA, then TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV, ANDERSON EXPRESS, and/or SEGUNDO ECHEVERRIA do not qualify as additional insureds under the relevant endorsement of the Policy for the claims asserted in the Underlying Action.

77.     Therefore, MOUNT VERNON seeks a declaration that TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV ANDERSON EXPRESS, and/or SEGUNDO ECHEVERRIA are not additional insureds under the relevant endorsement of the Policy for the claims asserted in the Underlying Action, and MOUNT VERNON has no duty to defend and/or indemnify MUNOZ, TULLY CONSTRUCTION, POSSILICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for any claims, counter-claims, or cross-claims in the Underlying Action.

## AS AND FOR A FOURTH CAUSE OF ACTION

78.     Defendant MOUNT VERNON repeats and realleges each and every allegation contained in the complaint numbered "1" through "77" as if fully set forth at length herein.

79.     Even if TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS and SEGUNDO ECHEVERRIA could be deemed insureds or additional insureds under the Policy, which they are not, there would be no coverage for the claims asserted in the Underlying Action because of the allegation that the bodily injury of JOSEPH MADOO arose out of the use of an "auto" operated by or rented or loaned to any insured.

80.     In the Underlying Action, it is alleged that TULLY CONSTRUCTION operated,

maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

81.     In the Underlying Action, it is alleged that POSSILLICO CIVIL INC. operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

82.     In the Underlying Action, it is alleged that JV operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

83.     In the Underlying Action, it is alleged that ANDERSON EXPRESS operated, maintained, managed and controlled the dump truck operated by SEGUNDO ECHEVERRIA.

84.     In the Underlying Action, it is alleged that MUNOZ, ANDERSON EXPRESS, TULLY CONSTRUCTION, POSSILLICO CIVIL INC., and JV were negligent in the ownership, management, maintenance, supervision and control of the dump truck.

85.     Given these allegations there is no coverage under the MOUNT VERNON policy for MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA as well as the MADOO claimants for the claims asserted in the Underlying Action based upon the auto exclusion of the Policy.

86.     MOUNT VERNON seeks a declaration that it has no duty to defend and/or indemnify the defendants, MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA and the MADOOS, for any claims, counter-claims, or cross-claims in the Underlying Action.

## AS AND FOR A FIFTH CAUSE OF ACTION

87.     Plaintiff MOUNT VERNON repeats and realleges each and every allegation contained in the complaint numbered "1" through "86" as if fully set forth at length herein.

88. KNIGHTBROOK issued a New Jersey Commercial Automobile Policy (Policy No.: 150000357) for the period of November 8, 2010 through November 8, 2011 (the "KNIGHTBROOK policy").

89. The KNIGHTBROOK policy provided coverage for liability arising out of covered *auto* designated in the Declarations.

90. On August 8, 2011, KNIGHTBROOK sent a letter to MUNOZ denying coverage to MUNOZ as the claims did not arise from an auto which was not designated in the Declarations on the schedule of vehicles owned by the insured.

91. On or about August 17, 2011, the KNIGHTBROOK policy was amended to add endorsement SC-16 (01/2002), which states:

> IT IS UNDERSTOOD AND AGREED THAT IN CONSIDERATION OF PREMIUM CHARGED FOR THE EXPOSURE, HIRED CAR COVERAGE ONLY IS HEREBY ADDED TO THIS POLICY AS PER THE TERMS AND CONDITIONS OF THAT COVERAGE LISTED IN THE POLICY FORMS.
>
> IT IS ALSO UNDERSTOOD THAT THIS COVERAGE WILL NOT APPLY TO PRIVATE PASSENGER TYPE VEHCILES AND NO COVERAGE WILL BE PROVIDED UNTIL AND UNLESS THE INSURED NOTIFIES THE COMPANY IN WRITING OF THE COMMERCIAL VEHICLE BEING HIRED AND PROVIDES TO THE COMPANY A COPY OF THE SIGNED AGREEMENT EXECUTING THE HIRING OF SAID VEHICLE THE COMPANY WILL MAKE PREMIUM CHARGES AS THE VEHICLES ARE HIRED BY THE INSURED AND THE COMPANY IS NOTIFIED ACCORDINGLY.

92. KNIGHTBROOK agreed to an application of the endorsement to be effective retroactively as of the inception of the KNIGHTBROOK policy, which was November 8, 2010.

93.     On October 22, 2010, a sixteen (16) page application for insurance was submitted by MUNOZ to KNIGHTBROOK with dates of coverage of November 8, 2010 to November 8, 2011.

94.     Page three (3) of this application submitted by MUNOZ to KNIGHTBROOK seeks coverage using symbols "7" which is for "Autos Specified on Schedule," "8" for "Hired Autos" and for "9" "Non-Owned Autos."

95.     MUNOZ specifically requested coverage for "hired autos" and "non-owned autos" and believed that the KNIGHTBROOK policy incorporated such coverages.

96.     Despite MUNOZ's repeated requests for a copy of the KNIGHTBROOK policy, KNIGHTBROOK failed to deliver the KNIGHTBROOK policy to MUNOZ until February 2011.

97.     Upon the delivery of the KNIGHTBROOK policy, MUNOZ, for the first time, noticed that the coverage MUNOZ had requested was not incorporated into the KNIGHTBROOK policy.

98.     KNIGHTBROOK agreed to amend the policy and applied the endorsement retroactively, but KNIGHTBROOK improperly and without consent of MUNOZ incorporated additional language which required MUNOZ to inform KNIGHTBROOK of the auto which was being hired before coverage was incorporated.

99.     The KNIGHTSBROOK policy, therefore, does not represent the agreement reached between MUNOZ and KNIGHTSBROOK.

100.    As MUNOZ requested the "hired autos" coverage in its October 2010 application and KNIGHTBROOK failed to incorporate the requested coverage and provide a copy of the KNIGHTBROOK policy until two (2) months following its inception, the KNIGHTBROOK

policy should be reformed to include the "hired autos" and "non-owned auto" coverages without any conditions precedent.

101.    As the KNIGHTBROOK policy should be reformed to provide commercial automobile coverage to MUNOZ inclusive of coverage for the subject truck involved in the Underlying Action, the KNIGHTBROOK policy should be deemed to afford coverage to MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., JV, ANDERSON EXPRESS, SEGUNDO ECHEVERRIA for the claims alleged in the Underlying Action.

102.    As    MOUNT    VERNON    has    been    defending    MUNOZ,    TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV for the claims in the Underlying Action, even though the claims alleged are excluded under the Policy, MOUNT VERNON is entitled to reimbursement of all defenses costs and/or indemnity from KNIGHTBROOK.

103.    Therefore, MOUNT VERNON requests a declaration that KNIGHTBROOK has a duty to defend MUNOZ , TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV for the claims in the Underlying Action, and that MOUNT VERNON is entitled to reimbursement of all defenses costs and indemnity as to all claims asserted in the Underlying Action.

## AS AND FOR A SIXTH CAUSE OF ACTION

104.    MOUNT VERNON repeats and realleges each and every allegation contained in the complaint numbered "1" through "103" as if fully set forth at length herein.

105.    STATE NATIONAL issued a Commercial Automobile Liability policy, (policy No.: SAP005318) for the period of December 8, 2010 through December 8, 2011 to ANDERSON EXPRESS (the "STATE NATIONAL policy").

106.    On March 28, 2011, counsel for MUNOZ sent a correspondence to STATE NATIONAL notifying STATE NATIONAL of the claim and tendering coverage on behalf of

MUNOZ as a claimant against ANDERSON EXPRESS, certificate holder and an additional insured under the STATE NATIONAL policy.

107.    On April 11, 2011, counsel for MUNOZ sent a correspondence to STATE NATIONAL informing STATE NATIONAL of the lawsuit which was filed on-behalf of the MADOOS and  requested that STATE NATIONAL defend and indemnify MUNOZ as a claimant against ANDERSON EXPRESS, certificate holder and an additional insured under the STATE NATIONAL policy.

108.    On August 27, 2013, counsel for MUNOZ sent a third correspondence to STATE NATIONAL tendering the defense and indemnification of MUNOZ for the claims in the Underlying Action as a claimant against ANDERSON EXPRESS, certificate holder and an additional insured under the STATE NATIONAL policy.

109.    STATE NATIONAL has never acknowledged MUNOZ's tender and has never issued any denial of coverage as to any of the claims asserted in the Underlying Action, and it is now estopped from doing so, by operation of law.

110.    The STATE NATIONAL policy incorporates the following definition as an insured:

### SECTION II – LIABILITY COVERAGE

#### A. Coverage

##### 1. Who Is An Insured

The following are "insureds":

**a.** You for any covered "auto."

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner or anyone else from whom you hire or borrow a covered "private passenger type auto".

**(2)** Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "private passenger type auto" owned by him or her or a member of his or her household.

111.   It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck as an employee of and/or on behalf of ANDERSON EXPRESS.

112.   It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck as an employee of and/or on behalf of MUNOZ.

113.   It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck as an employee of and/or on behalf of TULLY CONSTRUCTION.

114.   It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck as an employee of and/or on behalf of POSILLICO CIVIL INC.

115.   It is alleged in the Underlying Action that SEGUNDO ECHEVERRIA operated the dump truck as an employee of and/or on behalf of JV.

116.   The definition of an "insured" under the STATE NATIONAL policy includes anyone who operates a covered auto with the permission of ANDERSON EXPRESS.


117.   MUNOZ also was named as a certificate holder under the STATE NATIONAL policy and thus is an insured for that reason as well.

118.   The allegations in the Underlying Action trigger coverage for MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV within the scope of the definition of an "insured" under the STATE NATIONAL policy.

119.   As MUNOZ TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV are insureds under the STATE NATIONAL policy, STATE NATIONAL is required and should afford coverage to MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV in the form of a defense and indemnity for the claims alleged in the Underlying Action.

120.   As MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV also are claimant against ANDERSON EXPRESS in the Underlying Action, they were entitled to notice of a coverage position under the STATE NATIONAL policy.

121.   As MOUNT VERNON has been defending MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV for the claims in the Underlying Action, even though the claims alleged are excluded under the MOUNT VERNON policy, MOUNT VERNON is entitled to reimbursement of all defenses costs it incurred in defending MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV from STATE NATIONAL.

122.   Therefore, MOUNT VERNON requests a declaration that STATE NATIONAL has a duty to defend and afford indemnity to MUNOZ, TULLY CONSTRUCTION, POSILLICO CIVIL INC., and JV in the Underlying Action, and that MOUNT VERNON is entitled to reimbursement of all defenses costs and indemnity as to the claims asserted in the Underlying Action.

**WHEREFORE**, plaintiff MOUNT VERNON INSURANCE COMPANY, hereby demands a money judgment and declarations as follows:

(1) MOUNT VERNON has no obligation to defend or indemnify any of the defendants or to provide coverage or reimbursement to MUNOZ TRUCKING CORP., ANDERSON EXPRESS, INC., SEGUNDO ESCHEVERRIA, TULLY CONSTRUCTION CO., INC., POSILLICO CIVIL INC., TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC., a Joint Venture, JOSEPH MADOO, ANDREA MADOO as to the claims asserted in the Underlying Action;

(2) the KNIGHTBROOK policy be deemed reformed such that coverage is afforded to MUNOZ TRUCKING CORP., ANDERSON EXPRESS, INC., SEGUNDO ESCHEVERRIA, TULLY CONSTRUCTION CO., INC., POSILLICO CIVIL INC., TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC., a Joint Venture, JOSEPH MADOO, ANDREA MADOO for the claims asserted in the Underlying Action;

(3) MUNOZ TRUCKING CORP., SEGUNDO ESCHEVERRIA, TULLY CONSTRUCTION CO., INC., POSILLICO CIVIL INC., TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC., a Joint Venture, JOSEPH MADOO, ANDREA MADOO are insureds under the STATE NATIONAL policy and coverage is afforded to them in the form of a defense and indemnity for the claims in the Underlying Action;

(4) MOUNT VERNON is entitled to reimbursement from KNIGHTBROOK and STATE NATIONAL of all defense costs and indemnity paid or to be paid for MUNOZ TRUCKING CORP., ANDERSON EXPRESS, INC., SEGUNDO ESCHEVERRIA, TULLY CONSTRUCTION CO., INC., POSILLICO CIVIL INC., TULLY CONSTRUCTION CO., INC./POSILLICO CIVIL INC., a Joint Venture, JOSPEH MADOO, ANDREA MADOO; and

(5) the costs, disbursements and attorneys' fees for this action, and any other relief that

this Court may deem appropriate.

Dated:  Mineola, New York
        May 4, 2016

                                    **MIRANDA SAMBURSKY SLONE**
                                    **SKLARIN VERVENIOTIS LLP**
                                    Attorneys for Plaintiff
                                    MOUNT VERNON INSURANCE COMPANY


                                    By:_____
                                       Steven Verveniotis, Esq.  (SV-8800)
                                       Frank R. Malpigli, Esq.     (FM-9700)
                                       240 Mineola Boulevard
                                       Mineola, New York 11501
                                       (516) 741-7676
                                       Our File No.:  13-183